IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN KEITH McGILL, #1307919, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1439-M |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for habeas corpus relief brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court has not issued process in this case, pending preliminary screening.

Statement of the Case: Petitioner was convicted of unauthorized use of a motor vehicle (UUMV) and possession with intent to deliver cocaine in the 292th District Court of Dallas County, Texas, in Cause Nos. F04-57617 and F04-58422. On June 3, 2005, punishment was assessed at ten years and twenty-five years imprisonment respectively. The court of appeals

affirmed his convictions in separate opinions. *See McGill v. State*, No. 05-05-00903-CR, (Tex. App. – Dallas Aug. 22, 2006, no pet.), http://www.courtstuff.com/FILES/05/05/05050903.HTM; *McGill v. State*, No. 05-05-00904-CR, (Tex. App. – Dallas Aug. 22, 2006, no pet.), http://www.courtstuff.com/FILES/05/05/05050904.HTM. While Petitioner was granted an extension until November 20, 2006, to file a petition for discretionary review in both cases, he failed to do so. *Id.; see also Ex parte McGill*, No. PD-1414-06, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID-245994; *Ex parte McGill*, No. PD-1415-06, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID-245995.[1]

Thereafter, Petitioner filed a federal petition challenging both of his convictions. *See McGill v. Quarterman*, No. 3:06cv1705-G (N.D. Tex., Dallas Div. filed Sep. 18, 2006). On November 1, 2006, the court accepted the findings and conclusions of the magistrate judge and dismissed the petition without prejudice for failure to exhaust state court remedies because Petitioner had filed neither a petition for discretionary review nor a state habeas application. *Id.*

Petitioner subsequently filed a state habeas application, pursuant to art. 11.07, Texas Code of Criminal Procedure, challenging his possession of cocaine conviction. *See* No. W04-58422-A. On July 11, 2007, the Court of Criminal Appeals denied the application without written order. *See Exparte McGill*, No. WR-29, 683-02, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=252123.

---

[1] The Court received verbal confirmation from the Clerk of the Texas Court of Criminal Appeals that Petitioner was granted until November 20, 2006, to file his petitions for discretionary review.

In the present petition, filed on August 13, 2007, Petitioner challenges only his UUMV conviction.[2]

Findings and Conclusions:   This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides in pertinent part that a state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his claims.  28 U.S.C. § 2254(b) and (c) (West 2007); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).  The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *see also Rhines*, 544 U.S. at 274.  Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)).  A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

A review of the petition reflects that Petitioner has not satisfied the exhaustion requirement with respect to his UUMV conviction.  The record reflects that he filed neither a petition for discretionary review nor an art. 11.07 application.  The Texas Court of Criminal

---

[2]   Contemporaneously with the filing of this action, Petitioner filed a separate federal petition challenging his possession of cocaine conviction, on which the Court has issued process on Respondent.  *See McGill v. Quarterman*, 3:07cv1390-M (N.D. Tex., Dallas Div.).

Appeals has, thus, not had an opportunity to consider the merits of Petitioner's claims. Accordingly, this petition for a writ of habeas corpus should be dismissed without prejudice for failure to exhaust state court remedies.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be dismissed without prejudice for failure to exhaust state court remedies, *see* 28 U.S.C. § 2254(b) and (c).[3]

A copy of this recommendation shall be mailed to Petitioner.

Signed this 11th day of September, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[3] The Court cautions Petitioner that the 1996 amendment to the habeas corpus statute imposes a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this and any subsequent petition that Petitioner may file in this court. Thus, Petitioner should proceed with utmost diligence and speed in seeking habeas corpus relief in both state and federal court.